**FILED**

SEP 2 4 1999

LARRY W. PROPES, CLERK
CHARLESTON, SC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Christopher Odom, ) C.A. No. 2:98-3528-23
)
Plaintiff, )
)
v. ) **ORDER**
)
College of Charleston Bookstore, )
)
Defendant. )
_____ )

ENTERED
9/24/99

This matter is before the court upon the magistrate judge's recommendation that defendant's motion to dismiss be granted. The record contains a report and recommendation of the United States Magistrate made in accordance with 28 U.S.C. § 636 (b)(1)(B).

## I. TIME FOR FILING OBJECTIONS

A plaintiff may object, in writing, to a magistrate judge's report and recommendation within ten days after being served with a copy of that report. 28 U.S.C. 636 (b)(1). Three days are added to the ten day period if the recommendation is mailed rather than personally served. The magistrate judge's report and recommendation was filed August 16, 1999. Plaintiff filed his timely objections on August 31, 1999.

## II. MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a claim can be dismissed for "failure to state a claim upon which relief can be granted." Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint need only set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." "Vague and conclusory" allegations are insufficient to satisfy the notice pleading requirements of Rule 8(a)(2). Simpson v. Welch, 900



15

F.2d 33, 35 (4th Cir. 1990).

To survive a motion to dismiss for failure to state a claim, the complaint must allege facts which, if proved, would entitle the plaintiff to relief. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The court must accept all well-pled facts alleged in the complaint as true, Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994), cert. denied, 514 U.S. 1107 (1995), and find all reasonable inferences from those facts in the light most favorable to the plaintiff. Scheuer, 416 U.S. at 236. The court need not, however, accept the plaintiff's legal conclusions. See Randall, 30 F.3d at 522; Estate Const. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-18 (4th Cir. 1994). Regardless of the alleged facts, Rule 12(b)(6) authorizes a court to dismiss a complaint on a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 326-27 (1989); Ryder v.Freeman, 918 F. Supp. 157, 159-60 (W.D.N.C. 1996).

### III. REVIEW OF THE MAGISTRATE'S REPORT

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the report and recommendation to which objections are made and the basis for those objections. Id. A review of plaintiff's objections and the record indicates that the magistrate judge's recommendation is correct. Accordingly, the court adopts and incorporates all consistent portions of the magistrate judge's report and recommendation into this order.

The plaintiff, an inmate at the MacDougal Correctional Institution of South Carolina, alleges that he was falsely arrested and accused of shoplifting at the College of Charleston



Bookstore on August 3, 1994. He claims that on September 7, 1995, a jury found him "not guilty" of the shoplifting charge. The present Complaint was filed on December 8, 1998, and requests monetary damages of five hundred thousand dollars ($500,00.00).

The defendant asserts as grounds for dismissal that (1) the plaintiff fails to name any legal entity as a defendant, (2) the plaintiff fails to state a cause of action upon which relief can be granted, (3) this Court has no jurisdiction over the issues alleged in the Complaint, and (4) this action is barred by the applicable statute of limitations. The magistrate recommended that the motion to dismiss be granted both because Defendant College of Charleston Bookstore is not a "person" subject to suit under 42 U.S.C. § 1983, and because the plaintiff failed to file his claim within any of the applicable statute of limitations.

Section 1983 fails to set forth a federal statute of limitations, and therefore, the state limitations period which governs personal injury generally applies. Wilson v. Garcia, 471 U.S. 261, 280 (1985). South Carolina has a three-year statute of limitations period for personal injury claims. S.C. Code Ann. § 15-3-550.

The plaintiff objects to the magistrate's conclusion that his claim is time-barred. The magistrate found that the plaintiff's cause of action arose on September 7, 1995, the date on which a jury found him "not guilty" of the shoplifting charge, and determined that even though the plaintiff did not file his Complaint until December 8, 1998, the date on which his Complaint was postmarked from the prison– November 16, 1998– constituted the filing of the claim. Plaintiff argues, instead, that he delivered his Complaint to the prison officials on August 19, 1998. This date apparently emanates from the date on which his Complaint was notarized.

In Houston v. Lack, 487 U.S. 266, 275-76 (1988), the Court set forth a bright-line rule



3

that an inmate's delivery of a notice of appeal to prison officials for mailing constitutes the date of filing. The rule seeks to equalize treatment of prisoners to that of the non-incarcerated litigant. The Fourth Circuit Court of Appeals extended application of the Houston rule to the filing of section 1983 complaints in Lewis v. Richmond City Police Dept., 947 F.2d 733, 736 (4th Cir. 1991). Construed in the light most favorable to the pro se plaintiff, the inference could be drawn that the plaintiff delivered his Complaint to the prison officials as early as August 19, 1998, which places his claim within the statute of limitations. As support for the August 18, 1998 date, the plaintiff claims that the institution at which the document was notarized did not have a log book for outgoing legal mail. The defendant has failed to provide evidence of any entry date of the delivery of the plaintiff's complaint in the prison log book, assuming there is such a log book. Therefore, the plaintiff's claims will not be dismissed on this ground.

However, the additional ground for dismissal does not prove as favorable to the plaintiff. Without a proper legal entity subject to suit as a defendant, the Complaint fails to state a claim under section 1983. Arms of state entities or state agencies are not "persons" subject to suit under section 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989); see also Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "persons" subject to suit under section 1983). The College of Charleston Bookstore appears to be a place, and not a person. The plaintiff's general objection that he named the "employer and owner" of the College of Charleston Bookstore as defendants fails to cure the absence of any reference to a name or the identity of the persons alleged to have violated his constitutional rights.



Plaintiff's remaining objections fail to specifically object to the magistrate's report, and

4

only restate unsupported legal conclusions. Generally stated, nonspecific objections are tantamount to a failure to object. Howard v. Secretary of HHS, 932 F.2d 505, 508-09 (6th Cir. 1991); see also Orpiano v. Johnson, 687 F.2d 44 (4th Cir. 1982) (de novo review not required where objections are general and conclusory).

## IV. CONCLUSION

It is therefore,

**ORDERED**, for the foregoing reasons and those articulated in the magistrate's report, that defendant's motion to dismiss is **GRANTED**,

**AND IT IS SO ORDERED**.

PATRICK MICHAEL BUFFY
**UNITED STATES DISTRICT JUDGE**

**Charleston, South Carolina**
**September 23, 1999**

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within (30) days from the date hereof, pursuant to Fed. R. App. P. 3-4.

5